

# IN THE
# TENTH COURT OF APPEALS

## No. 10-19-00186-CV

## IN RE ALYSSA LYN KARSAGI

## Original Proceeding

## MEMORANDUM OPINION

Relator's petition for writ of mandamus is denied.[1]

JOHN E. NEILL
Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Neill
(Chief Justice Gray dissenting with a note)*
Petition denied
Opinion delivered and filed July 10, 2019
[OT06]

---

[1] In light of our disposition, we LIFT our May 31, 2019 order staying the trial court's temporary orders, in part.  Furthermore, all pending motions are dismissed as moot.

*(Chief Justice Gray dissents to the denial of the petition for writ of mandamus. A separate opinion will not issue. He does, however, provide the following note. The fundamental problem that overwhelms the issues in the proceeding is that the parties are trying to have the hearing in this Court which they were entitled to have in the trial court. The parties did not have a hearing in the trial court because the trial court rendered orders on its own motion without a hearing, aka sua sponte. Orders resulting from motions made on the trial court's own motion, sua sponte orders, present unique challenges for review, whether by direct appeal or by mandamus. The real party in interest in this proceeding argues that the Relator loses because no record was provided that would support a writ of mandamus issued against the trial court. The real party in interest then attempts to create a record from other hearings that supports the trial court's orders The real party in interest argues that all the evidence the trial court needed to render the orders was received in the course of six or more hearings held on other issues prior to the entry of the sua sponte orders at issues in this proceeding. But none of that evidence was properly before the trial court for the purpose of making these orders. There was no hearing for the trial court to even properly take judicial notice of whatever it is the real party in interest wants to now argue is the basis for the orders. So what is the record that the Relator is supposed to present to us in this proceeding? There was no hearing. There is no record. That is the Relator's point. That is just one of the problems when the trial court is considering doing something to them, or ordering them to something, and they are entitled to an opportunity to respond, present evidence, cross-examine witnesses, make objections to evidence presented by the opponent, make arguments against the action proposed, etc. In many ways, this is like a sanctions order when neither party has moved for sanctions. The court cannot simply render a sanctions order against a party. The court is required to notify the party that the court is considering sanctions and give the parties an opportunity to respond; to show why sanctions should not be imposed. This is just one reason I cannot join the Court's summary denial of the petition for writ of mandamus. I would require the trial court to set aside these sua sponte orders rendered without notice and a hearing. Presumably, the trial court would then provide notice of her intent to address the issues that are the subject of those orders and schedule a hearing where the parties can join issue and properly present evidence relevant to the issues that are the subject of these orders. I respectfully dissent.)

